IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CR180-3 |
| | ) | |
| SELENA DEMETRICA WASHINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release, (ECF No. 286), and Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 321). The government has filed a response in opposition to Defendant's compassionate release motion. (ECF No. 295.) The Court, having considered the arguments of the parties set forth below, finds that Defendant has not shown extraordinary and compelling reasons in support of a sentence reduction. Further, the factors under 18 U.S.C. § 3553(a) counsel against release. The Court also finds that Defendant is ineligible for a sentence reduction based on the 2023 Criminal History Amendment to the Sentencing Guidelines. Accordingly, Defendant's motions will be denied.

**I.     BACKGROUND**

Defendant is currently 40 years old. (ECF No. 257 at 3.)[1] On October 12, 2021, she pled guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (*Id.*

---

[1] The Pre-Sentence Report (ECF No. 257) is filed with the Court under seal.

¶¶ 11, 13.) The Guidelines range for this offense was 188 to 235 months, based largely on the underlying conspiracy to distribute methamphetamine from which the laundered funds were derived. (*Id.* ¶¶ 92, 138.) The sentencing Court varied downward and imposed a sentence of 64 months imprisonment followed by three years of supervised release. (ECF No. 278 at 2–3.) Defendant has served approximately 38% of her sentence. (ECF No. 295-1 at 3.) Pending time credited for good conduct, she is scheduled for release on December 17, 2025. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last accessed Apr. 12, 2024).

Defendant contends that extraordinary and compelling reasons for sentence reduction exist for two reasons. First, she points to difficulties she has had managing and getting treatment for her various medical conditions, which include diabetes; pain in her back, legs, and feet; bacterial vaginosis; and poor vision. (ECF Nos. 286 at 3; 298 at 4–9.) She asserts that she is receiving inadequate and unethical medical care and that her medical records have been falsified. (ECF No. 298 at 1.) Second, she argues that she should be released to care for her ailing aunt and minor daughter. (ECF No. 286 at 4–6.) Additionally, she argues that she has rehabilitated while in custody and has a detailed plan for her release. (*Id.* at 7–8.) With respect to her motion under 18 U.S.C. § 3582(c)(2), Defendant contends that a sentence reduction is warranted based on retroactive application of Guidelines Amendment 821. (ECF No. 321 at 1.)

The government argues that Defendant's medical conditions are being adequately treated by the Bureau of Prisons ("BOP"). (ECF No. 295 at 8–11.) The government further asserts that Defendant's family circumstances cannot present an extraordinary and compelling reason in support of sentence reduction, as Defendant is not the sole available caregiver for

2

her daughter. (*Id.* at 11–12.)  Finally, the government argues that the factors under 18 U.S.C. § 3553(a) counsel against release, as Defendant already received a substantial downward variance based on the above health and family conditions, and her offense conduct was serious. (*Id.* at 12–13.)

## II.     18 U.S.C. § 3582(c)(1)(A)

Defendant must show the following to receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A): (1) that she has exhausted all applicable administrative remedies; (2) that extraordinary and compelling reasons warranting sentence reduction exist; and (3) that the 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction. The Court must also find that Defendant does not pose a danger to any other person or to the community. U.S.S.G. § 1B1.13(a)(2); 18 U.S.C. § 3582(c)(1)(A).

### A.     Exhaustion of Administrative Remedies

The government does not contest exhaustion. (ECF No. 295 at 5 n.3.) The record demonstrates that Defendant made a request in writing for a sentence reduction to her warden on September 4, 2022, which was denied on November 2, 2022. (ECF Nos. 295-2; 295-3.) As well over thirty days have passed since she made her request, the Court finds that Defendant has satisfied the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A); *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022) (holding that the exhaustion requirement is satisfied when a defendant "waits 30 days from the date of [her] initial request" (quoting *United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021))).

### B.     Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.

3

§ 3582(c)(1)(A)(i); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). Previously, the compassionate release policy statement, U.S.S.G. § 1B1.13, was only applicable to motions filed by the BOP, not defendants, *United States v. McCoy*, 981 F.3d 271, 283–84 (4th Cir. 2020). District courts were thus unconstrained by § 1B1.13 and were "empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284 (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)) (cleaned up). However, the amendments to the Guidelines that took effect on November 1, 2023, clarify that § 1B1.13 now applies to all compassionate release motions, whether filed by defendants or the BOP. U.S.S.G. § 1B1.13(a).[2]

1. Medical Conditions

A defendant's medical conditions may constitute extraordinary and compelling reasons for sentence reduction if she is "suffering from a serious physical or medical condition . . . that substantially diminishes" her ability to care for herself in the prison environment. U.S.S.G. § 1B1.13(b)(1)(B). Alternatively, extraordinary and compelling reasons may exist if a defendant is not receiving "long-term or specialized medical care . . . without which [she] is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C).

---

[2] District courts in this Circuit are divided as to whether the amendments to U.S.S.G § 1B1.13 apply to compassionate release motions made before the amendments took effect. *Compare United States v. Miller*, 7:09-CR-00001-M-2, 2024 WL 476879, at *2 n.2 (E.D.N.C. Feb. 7, 2024) (applying the *McCoy* standard to motion filed before the new policy statement took effect), *and Lovelace v. United States*, No. 4:08-CR-00060-TLW-2, 2023 WL 9002690, at *3 (D.S.C. Dec. 28, 2023) (same), *with United States v. Penniegraft*, 1:08CR231-2, 2024 WL 328716, at *2 n.3 (M.D.N.C. Jan. 29, 2024) (applying the amended Guidelines because they would not "adversely affect [the defendant's] avenues for relief" and thus presented no ex post facto issues), *and United States v. Campbell*, No. 1:12-CR-439, 2023 WL 7220732, at *4 (M.D.N.C. Nov. 2, 2023) (applying the amended Guidelines without explanation), *and United States v. Evans*, No. 5:15-CR-00020, 2023 WL 8703403, at *2 (W.D. Va. Dec. 15, 2023) (same). This Court will apply the amended version of § 1B1.13.

The record demonstrates that Defendant is able to work full days, walk around, and participate in other prison activities. (ECF Nos. 286 at 3; 295-4; 295-5.) She complains that she is unable to see through her BOP-provided glasses or walk while wearing them. (ECF No. 298 at 7–8.) However, her medical records reflect that her visual acuity is the same between her glasses and contacts, and she was advised by medical staff that there is an adjustment period for her prescription strength. (ECF No. 296 at 9.) Defendant also reports "excruciating pain" in her back and feet resulting from her BOP-mandated footwear, work requirements, and diabetes. (ECF Nos. 286 at 3; 298 at 6.) This pain has not prevented her from participating in daily tasks or from seeking and receiving care. (*See* ECF Nos. 298 at 6; 299 at 1–11.)

On the issue of ability to provide self-care, courts require defendants to show "a high level of disability" before finding extraordinary and compelling reasons in support of a sentence reduction. *United States v. Smith*, No. 7:16-CR-00057, 2024 WL 126994, at *3 (W.D. Va. Jan. 11, 2024) (collecting cases). While she may be uncomfortable, Defendant has not shown that her medical conditions "substantially diminish[]" her ability to care for herself. U.S.S.G. § 1B1.13(b)(1)(B); *see United States v. Maxwell*, Crim. No. 3:20-561-MGL-5, 2024 WL 816066, at *2 (D.S.C. Feb. 27, 2024) (finding that the defendant could provide self-care where she was "housed in the general population, able to walk[,] and otherwise participate in prison activities"); *United States v. Kellam*, No. 5:06-cr-00041-7, 2024 WL 477023, at *3–4 (W.D. Va. Feb. 7, 2024) (finding no "serious physical or medical condition" where the defendant complained of various undiagnosed musculoskeletal pains brought on by "continuous walking and no medication").

The record also shows that Defendant is receiving adequate medical care to address her diabetes, hypertension, and cholesterol. She regularly receives medication for these ailments. (ECF No. 296 at 64–66.) Her blood glucose levels are monitored consistently. (*Id.* at 51–55.) The record reflects that Defendant has experienced difficulty receiving treatment for her bacterial vaginosis, (ECF Nos. 298 at 4–5; 299 at 1, 3–4), and addressing the pain in her feet, legs, and back, (ECF Nos. 298 at 5–6; 299 at 2–3, 5). However, it does not appear that either of these issues are at risk of causing serious health deterioration. Defendant has made BOP aware of these issues on multiple occasions. (ECF No. 299 at 1–6.) She was provided medication for her bacterial vaginosis and instructions to take over the counter painkillers and perform back strengthening exercises for her pain. (ECF No. 296 at 12–13.)

The record does not support Defendant's assertion that BOP staff have "gravely neglected her medical needs." (ECF No. 298 at 1.) Rather, it appears that she disagrees with the level of care BOP medical providers believe is necessary in her case. (*See, e.g.*, *id.* at 5–6 (expressing skepticism toward a medical opinion that her foot and leg pain were a normal symptom of diabetes[3]).) Nor does the record support Defendant's claims that she is not receiving care from "medical professionals" or that her records are falsified. (*Id.* at 1.) Defendant has been seen by many registered nurses and physician's assistants, and physicians have reviewed her records and lab results. (*See generally* ECF No. 296.) As to the accuracy of her records, Defendant has offered nothing more than "conclusory and unsworn" allegations that they are falsified, which the Court cannot accept. *See United States v. Robinson*, No. 1:05-CR-343, 1:05-CR-344, 2024 WL 382511, at *4 (M.D.N.C. Feb. 1, 2024). Defendant may be

---

[3] Diabetic neuropathy frequently causes pain and numbness in the legs and feet. *See Diabetic Neuropathy*, Mayo Clinic (Apr. 29, 2022), https://www.mayoclinic.org/diseases-conditions/diabetic-neuropathy/symptoms-causes/syc-20371580.

correct that her healthcare could be "'better' or 'more consistent'" outside BOP custody; however, that is insufficient to establish an extraordinary and compelling reason in support of sentence reduction. *United States v. Purpera*, Nos. 7:18-cr-00019, 19-cr-00016, 2024 WL 329541, at *3 (W.D. Va. Jan. 29, 2024).

2. <u>Family Circumstances</u>

Extraordinary and compelling reasons for sentence reduction may exist when a defendant establishes that the caregiver of her minor child (or adult child that is "incapable of self-care") has died or become otherwise incapacitated. U.S.S.G. § 1B1.13(b)(3)(A). Alternatively, a defendant may show that an "immediate family member" is incapacitated. *Id.* § 1B1.13(b)(3)(D). In either situation, a defendant must show that she is "the only available caregiver" to receive relief. *E.g., United States v. Hicklen*, No. 3:19-CR-00108-FDW-DSC, 2024 WL 948307, at *3 (W.D.N.C. Mar. 5, 2024) (collecting cases); *United States v. Bryant*, __ F. Supp. 3d __, 2024 WL 1070613, at *5 (W.D. Va. 2024); *United States v. Barton*, No. 1:11CR349-1, 1:12CR255-1, 2022 WL 1157978, at *5 (M.D.N.C. Jan. 18, 2022) (denying motion where sisters were caring for defendant's aging father). Neither scenario is the case here.

Defendant alleges that her daughter and aunt both require her care and support. (ECF No. 286 at 4–6.) Defendant's aunt was initially taking care of Defendant's daughter but gave custody over to the daughter's paternal aunt. (*Id.* at 4.) Defendant asserts that her daughter has been treated poorly while in the paternal aunt's custody and that the paternal aunt has threatened to kick Defendant's daughter out of the house. (*Id.* at 4–5.) However, Defendant has not shown that her daughter has actually been kicked out or is in danger of not receiving necessary care. (ECF Nos. 298 at 9; 296 at 8 (documenting meeting with social worker about welfare of Defendant's daughter).) Defendant's cousin also lives in the same town, (ECF No.

7

257 ¶ 116), and Defendant does not address why her cousin could not also provide care to the daughter.

As for Defendant's aunt, Defendant has not shown that she is incapacitated. Her aunt is 72 years old. (ECF No. 286 at 4.) She has unspecified health issues that prevented her from adequately caring for Defendant's daughter. (*Id.*) However, the existence of health issues and older age alone will not establish incapacitation. *See United States v. Armstrong*, Crim. No. TDC-16-0601, 2024 WL 1096621, at *2 (D. Md. Mar. 13, 2024) (finding no incapacitation when only allegation was that mother had heart disease and needed regular care). Defendant's desire to care for her family members is admirable; however, it does not present an extraordinary and compelling reason in favor of sentence reduction.

### 3. Rehabilitation

A defendant's rehabilitation "is not, by itself, an extraordinary and compelling reason" for release. U.S.S.G. § 1B1.13(d); *see also* 28 U.S.C. § 994(t). Defendant has completed at least eighteen classes in subjects such as career development, drug education, and parenting. (ECF No. 286 at 9–26.) She has also planned for the ways in which she can obtain lawful employment and support herself, her daughter, and her aunt once released. (ECF Nos. 286 at 7–8; 295-2 at 2.) While Defendant's efforts toward rehabilitation are to be commended, good conduct is expected of any inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work a job, and otherwise attempt to improve themselves. That a prisoner does so means that he has met baseline expectations, not that he has done something extraordinary.") Defendant's efforts do not rise to the level of extraordinary and compelling reasons for release, whether on their own or when considered alongside the above-discussed factors. U.S.S.G. § 1B1.13(d); *see, e.g.*,

8

*United States v. McCain*, No. 1:06CR203-1, 2023 WL 7385546, at *8 (M.D.N.C. Nov. 8, 2023) (finding no extraordinary and compelling reasons where defendant showed rehabilitation but made no other successful arguments in favor of release); *see also* 28 U.S.C. § 994(t).

For the foregoing reasons, the Court finds that Defendant has not stated extraordinary and compelling reasons in support of a sentence reduction.

### C. 18 U.S.C. § 3553(a) Factors

Even if Defendant could show extraordinary and compelling reasons for a sentence reduction, the factors set forth in 18 U.S.C. § 3553(a) counsel against imposing a reduced sentence. While the Court is not required to consider the § 3553(a) factors in light of its finding that Defendant has not presented extraordinary and compelling reasons for sentence reduction, it will address the arguments Defendant has raised that relate to those factors.

Courts must impose a sentence or sentence reduction that is "'sufficient, but not greater than necessary' to comply with the statutory purpose of sentencing." *United States v. Banks,* No. 1:12cr193-1, 1:16cr61-1, 2020 WL 6568607, at *3 (M.D.N.C. Oct. 7, 2020) (citing 18 U.S.C. § 3553(a)). Among the various § 3553(a) factors, this Court finds that the sentencing factors most applicable here are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant" and (2) "the need for the sentence imposed" to reflect the seriousness of the crime, deter criminal conduct, and protect the public. *See* 18 U.S.C. § 3553(a)(1)–(2); *see United States v. Bethea*, 54 F.4th 826, 831 (4th Cir. 2022) (obliging district courts to consider the § 3553(a) sentencing factors "to the extent those factors are applicable").

#### 1. <u>Offense Conduct</u>

Defendant was involved in a large-scale conspiracy to produce and distribute methamphetamine. (ECF No. 257 ¶ 21.) Defendant's brother was a leader and coordinator

9

of the operation. (*Id.* ¶ 24.) Defendant distributed and stored methamphetamine, received payments, and was a co-owner of a company used to launder drug proceeds. (*Id.* ¶ 26.) Drugs and guns were stored at and sold out of her apartment, including at times when her daughter was present. (*E.g.*, *id.* ¶¶ 34, 52, 61.) In total, Defendant was held responsible for 4.5 kilograms of methamphetamine. (*Id.* ¶ 87.)

Defendant had modest success while on pretrial release. She was reported as respectful, responsive, and proactive in communication with her probation officer. (*Id.* ¶¶ 18–19.) However, she had difficulty maintaining employment and failed multiple drug screens. (*Id.* ¶¶ 16–20.) She attempted to adulterate one of her later drug tests, which came back positive for marijuana use. (*Id.* ¶ 20.) At sentencing, the Court considered this adulteration an "attempt to defraud the Court." (Tr. at 28:1.[4])

2. Defendant's History and Characteristics

Defendant has no criminal history, save a misdemeanor offense from her teens and two traffic citations. (ECF No. 257 ¶¶ 103–05.) She is geographically distant from much of her immediate family. (*See id.* ¶¶ 110–11, 114.) Her life reportedly revolves around caring for her daughter, who is approximately 17 or 18 years old. (*Id.* ¶ 115.) Her daughter has diabetes, requiring regular doctor visits, medication, and a specific diet. (*Id.* ¶ 115; ECF No. 286 at 4.) Her daughter has reported struggles with self-esteem, depression, and suicidal thoughts. (*Id.* at 4–5.) The daughter's father is largely absent. (ECF No. 257 ¶ 115.)

At the time of sentencing, Defendant suffered from and was receiving treatment for type 2 diabetes, high blood pressure, and high cholesterol. (*Id.* ¶ 119.) She has been assessed for anxiety and depression but has not actively pursued mental health services. (*See id.* ¶¶ 120–

---

[4] Citations are to the Realtime Feed – Unedited/Uncertified Transcript for the February 17, 2022, Criminal Session before the Court ("Tr.").

21.) Defendant reported heavy marijuana use starting at age 17—as many as "4 or 5 blunts a day." (*Id.* ¶¶ 122–124.) During pretrial release, she stated that she no longer smoked marijuana, did not abuse drugs, and that her positive tests were the result of being around others who smoked it. (*Id.* ¶ 124.)

### 3. Need for the Sentence Imposed

When imposing Defendant's sentence, the Court took her childhood difficulties, the recent death of her mother, and her daughter's health issues into consideration. (Tr. at 41:2-16.) It also considered her substantial involvement in the conspiracy, her lack of insight regarding the severity of her drug use, and her attempts to defraud the Court with an adulterated drug screen. (*Id.* at 41:21–42:3.) With these factors in mind, the Court imposed a substantial downward variance—over 10 years below the bottom of the Guidelines range. (*Id.* at 42:4-11; ECF No. 257 ¶ 138.)

Defendant has now served approximately 23 months of her sentence. *See United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (holding that courts may consider the amount of time defendants have served for § 3553(a) purposes). The Court is not convinced that the circumstances which led the sentencing Court to Defendant's current sentence have changed so much as to render it "greater than necessary" to uphold the statutory goals of sentencing. A reduction or release at this time would not adequately "reflect the seriousness of the offense," "promote respect for the law," or provide either general or specific deterrence. 18 U.S.C. § 3553(a)(2)(A).

11

However, these factors have no effect on the Court's ruling here, since Defendant failed to show extraordinary and compelling reasons for a sentence reduction.

## III. 18 U.S.C. § 3582(c)(2)

Defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive application of Amendment 821 to the Sentencing Guidelines. Sentence reductions under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(2); *United States v. Spruhan*, 989 F.3d 266, 268 (4th Cir. 2021). The applicable policy statement here states that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *Spruhan*, 989 F.3d at 268–69.[5] If applicable, Amendment 821 would reduce Defendant's offense level by two levels at most. *See* U.S.S.G. § 4C1.1(a). Defendant's amended Guidelines range with that adjustment would be 151 to 188 months.[6] As her current sentence of 64 months is well below the bottom end of the amended range, U.S.S.G. § 1B1.10 forecloses sentence reduction here. In addition, for the reasons stated above, the factors under 18 U.S.C. § 3553(a) counsel against sentence reduction. *See* 18 U.S.C. § 3582(c)(2) (requiring courts to consider the § 3553(a) factors before granting a sentence reduction).

For the reasons stated herein, the Court enters the following:

---

[5] An exception to this rule exists when a defendant received a reduced sentence based on "substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(B). That is not the case here. (ECF No. 257 ¶¶ 92–100.)

[6] *Guideline Range Calculator*, U.S. Sent'g Comm'n (2023), https://guidelines.ussc.gov/apex/r/ussc_apex/guidelinesapp/guidelinerangecalculator (calculation obtained using an offense level of 34 and criminal history category I).

12

# ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 286), and Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), (ECF No. 321), are **DENIED**.

This, the 3rd day of March 2025.

/s/ Loretta C. Biggs
United States District Judge